IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| RANDALL SCOTT JORDAN, § | | |
| TDCJ No. 01672271, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | Civil Action No. 7:19-cv-00101-O-BP |
| § | | |
| LORIE DAVIS, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Randall Scott Jordan ("Jordan") on August 21, 2019. ECF No. 1. Jordan, an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas, brings this action pursuant to 28 U.S.C. § 2254. *Id.* The petition was automatically referred to the undersigned for decisions as to non-dispositive matters and for findings and recommendations as to dispositive matters pursuant to Special Order No. 3-251. *See* ECF No. 4. After considering the petition and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** Jordan's petition for writ of habeas corpus, ECF No. 1.

In his petition, Jordan challenges the validity of disciplinary action no. 20190213312, which was brought against him at the Allred Unit for the offense of "Contraband." ECF No. 1 at 5. Jordan states that his disciplinary case resulted in thirty days of good-time credit lost, forty-five days of recreation and cell restrictions, and a requirement that he remain as G-4 status for an additional one year. *Id*.

In support of his petition, Jordan claims that the law library officer denied him his Due Process of Access to Courts by confiscating his legal documents. *Id*. at 6. He also claims that the hearing officer denied him his due process rights because the elements of the charged offense, contraband, were not proven by the required policies and procedures. *Id*. Jordan seeks reversal of his disciplinary conviction, restoration of his good-time credits, return to his previous custodial status, and expungement of the charge. *Id.* at 7.

Jordan has failed to state a colorable claim for habeas corpus relief. He has no constitutionally protected interest in his custodial classification or in his good-time earning status. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (recognizing that "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [an inmate's] custodial status" and, thus, does not create a constitutionally protected liberty interest). Similarly, a reduction in good-time earning status will not support a due process claim because the timing of the inmate's release is too speculative to afford a constitutionally cognizable claim in a "right" to a time-earning classification. *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000). Therefore, to the extent Jordan's custodial classification was to improve in the future, the maintenance of him at a G-4 status for an additional one year does not warrant due process protection.

Jordan concedes that he is not eligible for release on mandatory supervision. ECF No. 1 at 5. Therefore, he had no constitutionally protected liberty interest at stake during the disciplinary proceeding. *See Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997) (holding that the state may create a constitutionally protected liberty interest requiring a higher level of due process where good-time credits are forfeited in a disciplinary action against an inmate eligible for mandatory

supervised release). Absent such a liberty interest, due process does not attach to a prison disciplinary action.

The loss of recreation privileges and imposition of a cell restriction that Jordan sustained are changes in the conditions of confinement and do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that a prisoner's liberty interest is "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). Constitutional concerns could arise where restrictions on privileges represent atypical and significant hardship in relation to the ordinary incidents of prison life. However, temporary restrictions such as those imposed against Jordan do not raise such concerns.

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition for writ of habeas corpus be **DENIED**.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed March 31, 2020.

*/s/ Hal R. Ray, Jr.*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

4